UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES J. DOODY, III et al.,        :
                                   :
     Plaintiffs,                   :
                                   :
                                   :
v.                                 :   Case No. 3:19-cv-1191 (RNC)
                                   :
BANK OF AMERICA, N.A., FEDERAL     :
NATIONAL MORTGAGE ASSOCIATION,     :
and SETERUS, INC.,                 :
                                   :
     Defendants.                   :

RULING AND ORDER

Plaintiff James Doody brings this action for alleged

unlawful conduct relating to enforcement of a mortgage on his

home, including in connection with foreclosure proceedings in

Connecticut Superior Court.  Four counts remain pending against

defendant Bank of America, N.A. ("BANA").  BANA has moved to

dismiss all counts.  For reasons that follow, the motion is

granted.

I.   Background

Plaintiff James J. Doody, III refinanced the mortgage on

his home in Branford in July 2013.  ECF No. 1 ¶ 5.  BANA then

assigned the mortgage to the Federal National Mortgage

Association ("FNMA"), but continued to service the mortgage

until around September 2015, at which time defendant Seterus

took over servicing from BANA.  Id. ¶ 9.

From December 2013 through June 2014, plaintiff failed to

1

make the $969.30 monthly payments on the mortgage.  Id. ¶ 5-6.

In July 2014, plaintiff resumed making monthly payments of

$939.30.  In September 2014, BANA initiated a foreclosure action

in the Superior Court for the Judicial District of New Haven

claiming that plaintiff was in default because his renewed

monthly payments failed to cover the seven-month arrearage.

Fed. Nat'l Mortg. v. Doody, No. CV146049727, 2018 WL 3511216, at

*1 (Conn. Super. Ct. June 29, 2018).

Beginning in January 2015, plaintiff paid an increased

monthly amount of $1,542.77 to cure the arrearage.  Id.  In June

2015, before the arrearage was cured, plaintiff resumed paying

the original amount of $969.30.  Id.  Seterus (which took over

servicing of the mortgage from BANA in 2015) apparently

accepted, or at least did not return, any of these payments

until January 2016, at which time it began rejecting them.

The foreclosure action subsequently went to trial.  In

2018, the Superior Court entered judgment in favor of Mr. Doody,

finding that FNMA (which at that point owned the mortgage)

failed to prove by a preponderance of the evidence that the

mortgage was in default.  Id. at *2.

Plaintiff alleges that the defendants intentionally failed

to apply any of the mortgage payments he made from July 2014

through December 2016, ECF No. 1 ¶¶ 10-11; and that this led

them to repeatedly mischaracterize the outstanding balance.  Id.

¶ 12.  He also alleges that the defendants have inaccurately

notified credit reporting agencies that no payments have been

made since July 2014, resulting in a "serious delinquency."  Id.

¶ 13.  Plaintiff further alleges that, despite the judgment in

the foreclosure action, defendants continue to send him

inaccurate mortgage statements and continue to report to credit

agencies that he is in default.  Id. ¶¶ 17-20.

II.   Legal Standard

Under Rule 12(b)(6), a complaint is properly dismissed when

it fails to state a claim upon which relief may be granted.  To

withstand a properly supported motion to dismiss, a complaint

must present a claim that is "plausible on its face."  Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009).  The plausibility standard

requires a plaintiff to provide factual allegations permitting a

reasonable inference that the defendant is liable for the

alleged wrong.

III.  Discussion

In his brief in opposition, plaintiff has winnowed his

claims against BANA to the following four: breach of contract,

promissory estoppel, breach of the duty of good faith and fair

dealing, and vexatious litigation.[1]  BANA argues that the first

_____

[1] BANA requests that the Court enter an order formally dismissing the
claims that plaintiff has abandoned.  ECF No. 77 at 1.  Because Rule
41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action, or part
of an action, before a defendant serves either an answer or a motion for
summary judgment, and because only motions to dismiss have been filed here,

three claims are barred by res judicata because plaintiff could

have, but did not, plead these claims as counterclaims in the

foreclosure action.  BANA argues that the vexatious litigation

claim, which is predicated on the foreclosure action, must be

dismissed because plaintiff has not shown that the action lacked

probable cause.  Both arguments are well-founded.

Under the doctrine of res judicata, a litigant cannot

reassert in a later action a claim that has or could have been

decided on the merits in an earlier action against the same

party or its privies.  See Corey v. Avco-Lycoming Div., Avco

Corp., 163 Conn. 309, 317, 307 A.2d 155 (1972).  "[F]ederal

courts . . . accord state judgments the same preclusive effect

those judgments would have in the courts of the rendering state.

. . ."  Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 93

(2d Cir. 2005).  Connecticut has adopted a transactional test to

determine whether a later action involves a claim that could

have been raised in an earlier action.  A claim is barred if it

implicates the "rights of the plaintiff to remedies against the

---

plaintiff's voluntary withdrawal is sufficient and does not require a court
order.  See Lindquist v. Murphy, No. 3:15-CV-0870 (CSH), 2015 WL 6692244, at
*2 (D. Conn. Nov. 3, 2015) (collecting cases and noting that motions to
dismiss do not preclude voluntary withdrawal under Rule 41); Blaize-Sampeur
v. McDowell, No. 05CV4275(JFB)(ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June
29, 2007) ("[D]istrict courts within the Second Circuit have since adopted
the approach of the majority of courts in other circuits — that is, that Rule
41(a) does not require dismissal of the action in its entirety. . . .").

defendant with respect to all or any part of the transaction, or

series of connected transactions, out of which the [earlier]

action arose." Orselet v. DeMatteo, 206 Conn. 542, 546, 539

A.2d 95, 97 (1988).  Connecticut courts define a transaction

"pragmatically, giving weight to such considerations as whether

the facts are related in time, space, origin, or motivation,

whether they form a convenient trial unit, and whether their

treatment as a unit conforms to the parties' expectations or

business understanding or usage. . . ." Id. at 546-47.  When

res judicata is predicated on a prior foreclosure action, the

transactional test operates to bar claims that "have a

sufficient connection to the making, validity or enforcement of

the note and mortgage."  CitiMortgage, Inc. v. Rey, 150 Conn.

App. 595, 605 (2014).  See Tanasi v. Citimortgage, Inc., 257 F.

Supp. 3d 232, 255 (D. Conn. 2017).  The transactional test is

met here because plaintiff's claims against BANA for breach of

contract, promissory estoppel and breach of the duty of good

faith and fair dealing all relate to whether BANA was entitled

to foreclose on the mortgage loan.

Plaintiff argues that res judicata does not apply because

he did not have an opportunity to raise his claims in the

foreclosure proceeding.  However, at the time the proceeding was

commenced, and until the trial concluded, state courts in

foreclosure cases often adjudicated counterclaims based on

allegations of misconduct subsequent to the execution of the mortgage.  See, e.g., Bank of Am., N.A. v. Criscitelli, No. CV136038369S, 2015 WL 5806294, at *3 (Conn. Super. Ct. Aug. 31, 2015); Ali, Inc. v. Veronneau, No. 126431, 1996 WL 600772, at *3 (Conn. Super. Ct. Oct. 11, 1996); Shawmut Bank v. Wolfley, No. CV93 0130109 S, 1994 WL 34207, at *4 (Conn. Super. Ct. Jan. 24, 1994).  Permitting such counterclaims had received the blessing of the Connecticut Appellate Court.  TD Bank, N.A. v. M.J. Holdings, LLC, 143 Conn. App. 322, 331, 71 A.3d 541, 547 (2013).

Plaintiff relies on a decision of the Connecticut Appellate Court issued after the foreclosure trial was completed, U.S. Bank Nat'l Ass'n v. Blowers, 177 Conn. App. 622, 632, 172 A.3d 837, 843 (2017), rev'd, 332 Conn. 656, 212 A.3d 226 (2019). Blowers announced that "improper conduct occurring during mediation and modification negotiations" could not be raised as a defense in a foreclosure proceeding.  Blowers, 177 Conn. App. 622 at 629-30.  Blowers also held, however, that if "modification negotiations ultimately result in a final, binding, loan modification, and the mortgagee subsequently breaches the terms of that new modification, then any special defenses asserted by the mortgagor in regard to that breach" would be valid.  Plaintiffs' claims for breach of contract, promissory estoppel and breach of the duty of good faith and fair dealing are predicated on his allegation that BANA breached

the modified agreement.  Therefore, <u>Bowers</u> does not save his

claims from the preclusive effect of <u>res judicata</u> under state

law.

Turning to the remaining claim, BANA argues that plaintiff

fails to allege a plausible claim for vexatious litigation under

Conn. Gen. Stat. § 52-568.  I agree.  Under Connecticut law, "a

claim for vexatious litigation requires a plaintiff to allege

that the previous lawsuit was initiated maliciously, without

probable cause, and terminated in the plaintiff's favor."  <u>Blake</u>

<u>v. Levy</u>, 191 Conn. 257, 263, 464 A.2d 52, 56 (1983).  A

statutory vexatious litigation action differs from an action at

common law "only in that a finding of malice is not an essential

element, but will serve as a basis for higher damages."  <u>Falls</u>

<u>Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP</u>, 281 Conn. 84,

94, 912 A.2d 1019, 1027 (2007).  With both common law and

statutory vexatious litigation claims, "[t]he existence of

probable cause is an absolute protection."  <u>Id.</u> (quoting <u>Brodrib</u>

<u>v. Doberstein</u>, 107 Conn. 294, 296, 140 A. 483 (1928)).

Connecticut courts have adopted a standard of probable cause

that allows litigants to pursue claims even when they are

unlikely to succeed.  <u>Id.</u> at 103.  The Connecticut Supreme Court

has reaffirmed that a suit might have probable cause even it

turns out ultimately to be meritless.  <u>Id.</u> at 104.  Under this

standard, a litigant is not subject to liability for vexatious

litigation if it had "a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." DeLaurentis v. City of New Haven, 220 Conn. 225, 256, 597 A.2d 807, 823 (1991).

Here, plaintiff's factual allegations do not support a reasonable inference that probable cause for the foreclosure action was objectively lacking.  Plaintiff does not contest that he failed to make his mortgage payments from December 2013 to June 2014.  See ECF No. 1 ¶ 6; Doody, 2018 WL 3511216, at *1. And it does not appear that the arrearage was paid before the foreclosure action was commenced.  In similar circumstances, state courts have found probable cause.  See, e.g., Vaccaro v. U.S. Bank, N.A., No. CV146050373S, 2016 WL 8488123, at *3 (Conn. Super. Ct. Nov. 8, 2016) (finding probable cause to initiate foreclosure proceedings where plaintiffs "do not dispute" defaulting on their mortgage).  That judgment was ultimately rendered in plaintiff's favor does not detract from this conclusion.  Id. ("[A] lack of probable cause cannot be inferred from the fact that the foreclosure action was dismissed.").

## Conclusion

Accordingly, BANA's motion to dismiss is hereby granted.

9

So ordered this 5th day of October 2021.


                                              /s/  RNC
                                    _____
                                        Robert N. Chatigny
                                    United States District Judge