UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x

James J. DOODY, III *et al.*,     :

    :

            Plaintiffs,     :

    :     **MEMORANDUM &**

    -against-     :     **ORDER**

    :

BANK OF AMERICA, N.A. *et al.*,     :     3:19-CV-1191 (VDO)

    :

            Defendants.     :

------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

In this action concerning alleged unlawful conduct relating to enforcement of a mortgage on a home, Plaintiff James J. Doody, III, individually and in his capacity as Trustee of the Mary Y. Doody Revocable Trust Dated June 17, 2002, asserts against Defendant Seterus, Inc. ("Seterus") a federal law claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. *et seq.*, and numerous state law claims. (Compl., ECF No. 1.) Seterus moves for dismissal under Federal Rule of Civil Procedure 12(b)(1). (Def. Mot., ECF No. 149.) After careful consideration of the parties' briefs, the Court finds that the matter is appropriate for a decision without a hearing. For the reasons discussed below, the Court **grants** Seterus's motion and dismisses the case.

## I.    <u>BACKGROUND</u>

The Court assumes the parties' familiarity with the facts and prior proceedings of this case, and the truth of the factual allegations in the Complaint for the purposes of deciding Seterus's motion.

As relevant here, Plaintiff refinanced the mortgage on his home in Branford in July 2013. (Compl., ECF No. 1 at 2 ¶¶ 1,5.) Former defendant Bank of America, N.A. ("BANA")

assigned the mortgage to former defendant Federal National Mortgage Association ("Fannie Mae"), but continued to service the mortgage until around September 2015, at which time defendant Seterus took over servicing from BANA. (*Id.* ¶ 9.) In September 2014, BANA initiated a foreclosure action in the Superior Court for the Judicial District of New Haven, claiming that Plaintiff was in default. *Fed. Nat'l Mortg. v. Doody*, No. CV146049727, 2018 WL 3511216, at *1 (Conn. Super. Ct. June 29, 2018). After a trial, the Superior Court entered judgment in favor of Plaintiff, finding that Fannie Mae—which at that point owned the mortgage—failed to prove by a preponderance of the evidence that the mortgage was in default. *Id.* at *2.

On August 1, 2019, Plaintiff filed this action against defendants Seterus, BANA, and Fannie Mae, alleging violations of the FDCPA and other state law claims. (Compl., ECF No. 1.) Plaintiff alleges that the defendants intentionally failed to apply any of the mortgage payments he made from July 2014 through December 2016 (*id.* ¶¶ 10–11); and that this led them to repeatedly mischaracterize the outstanding balance. (*Id.* ¶ 12.) He also alleges that the defendants have inaccurately notified credit reporting agencies that no payments have been made since July 2014, resulting in a "serious delinquency." (*Id.* ¶ 13.) Plaintiff further alleges that, despite the judgment in the foreclosure action, defendants continue to send him inaccurate mortgage statements and continue to report to credit agencies that he is in default. (*Id.* ¶¶ 17–20.) The Court denied Plaintiff's request to amend the complaint to add Nationstar Mortgage, LLC as a defendant on March 5, 2020. (ECF No. 56.)

The Court has since dismissed Fannie Mae and BANA from the action. In September 2021, the Honorable Robert N. Chatigny granted Fannie Mae's motion to dismiss all claims against it because Plaintiff failed to "plead a plausible claim warranting access to discovery."

(ECF No. 94.) Judge Chatigny then granted BANA's motion to dismiss all counts and issued an opinion setting forth the reasons on October 5, 2021. (*See* ECF No. 95 (*Doody v. Bank of Am., N.A.*, No. 3:19-CV-1191 (RNC), 2021 WL 4554056 (D. Conn. Oct. 5, 2021).)

Claims against Seterus remain pending. On April 1, 2022, Judge Chatigny issued an opinion denying in part Seterus's motion to dismiss, finding that Plaintiff plausibly alleged the following claims:

- Count 18 (Violation of Connecticut Unfair Trade Practices Act ("CUTPA"));

- Count 21 (Violation of FDCPA);

- Count 24 (Violation of Creditors' Collection Practices Act ("CCPA")); and

- Count 27 (Negligent Infliction of Emotional Distress).

*See* ECF No. 97 (*Doody v. Seterus, Inc.*, No. 3:19-CV-1191 (RNC), 2022 WL 993579, at *3-*6 (D. Conn. Apr. 1, 2022). On April 22, 2022, Judge Chatigny denied Plaintiff's motion for reconsideration of the Court's order denying in part Seterus's motion to dismiss. (ECF No. 106.) Seterus filed its answer to the Complaint on May 31, 2022. (ECF No. 111.)

Seterus now moves to dismiss the action for lack of subject-matter jurisdiction. (Def. Mot., ECF No. 149.) Plaintiff has filed an opposition brief. (Pl. Opp'n, ECF No. 163.) Seterus has filed a reply. (Def. Reply, ECF No. 164.)

## II.   LEGAL STANDARD FOR MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

A party may move to dismiss a complaint for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When the Rule 12(b)(1) motion is facial, "*i.e.*, one 'based solely on the allegations of

the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57). The pleading must "show[] by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). In ruling on a jurisdictional challenge to the complaint, "a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Id.* at 554.

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Carter*, 822 F.3d at 57 (citations omitted). "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision[.]" *Carter*, 822 F.3d at 57. "[T]he plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant" when the defendant's extrinsic evidence exposes factual problems related to jurisdiction. *Id.* "When the extrinsic evidence submitted by the parties does not controvert the material allegations of the complaint, it is not error for the district court to base its ruling solely on the allegations of the complaint." *Harty*, 28 F.4th at 441.

## III.   **DISCUSSION**

Seterus advances a fact-based challenge to subject-matter jurisdiction, arguing the following: **(1)** there is no basis for federal question jurisdiction under the FDCPA, and Plaintiff

lacks Article III standing; **(2)** there is no basis for diversity jurisdiction because Plaintiff's damages disclosures do not satisfy the amount-in-controversy requirement; **(3)** the claims are barred under the *Rooker-Feldman* doctrine; **(4)** the claims are barred by *res judicata*; and **(5)** the claims are barred under the *Younger* abstention doctrine. (Def. Mem., ECF No. 149-1 at 1–15.) In support of its arguments, Seterus attaches six exhibits. (*See* Ex. A, ECF No. 149 at 18–41; Ex. B, ECF No. 149 at 42–47; Ex. C, ECF No. 149 at 48–50; Ex. D, ECF No. 51–53; Ex. E, ECF No. 54–62; Ex. F, ECF No. 62–66.) Plaintiff only opposes the second argument. (*See generally* Pl. Opp'n, ECF No. 163.)

As an initial matter, a failure to oppose a "specific argument in a motion to dismiss is deemed waiver of that issue." *Kao v. British Airways, PLC*, No. 17-CV-0232 (LGS), 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) (citing *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 38–39 (S.D.N.Y. 2015)). Plaintiff only addressed Defendant's diversity jurisdiction argument. He has therefore waived the other issues raised in the motion. *See Prime Int'l Trading, Ltd. v. BP P.L.C.*, 937 F.3d 94, 103 (2d Cir. 2019) (finding an argument waived where a litigant did not argue in opposition to a motion); *see also Williams v. Romarm*, 751 F. App'x 20, 23 (2d Cir. 2018) (same).

Plaintiff's waiver aside, the Court holds that dismissal is appropriate because Plaintiff lacks standing to bring his sole federal claim and there is no diversity jurisdiction in this case.

### A.    Federal Question Jurisdiction

Seterus contends that jurisdiction over the FDCPA claim is inappropriate based on two grounds. First, Seterus argues that there is no basis for federal question jurisdiction because the loan at issue is for a rental property, which is not subject to the FDCPA. (Def. Mem., ECF No. 149-1 at 4–5.) Second, Seterus argues that Plaintiff has failed to show Article III standing.

(*Id.* at 10–12.) Plaintiff does not oppose Seterus's position that there is no federal question jurisdiction. (Pl. Opp'n., ECF No. 163 at 1 (stating that Plaintiff "is unable to contest the Defendant's motion for lack of federal law [sic] of federal law violation.").) The Court addresses each argument in turn.

### 1.    Plaintiff Has A Colorable FDCPA Claim

Understanding Seterus's first argument requires some background on the FDCPA. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including any false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A). A "debt" is defined as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for *personal, family, or household purposes*, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added). "Thus, FDCPA actions must concern consumer debts, or the 'obligation[s] of a consumer,' while 'actions arising out of commercial debts are not covered by the protective provisions of the FDCPA.'" *Speer v. United States Nat'l Bank,* No. 3:22-CV-00668 (SRU), 2023 WL 2573312, at *6 (D. Conn. Mar. 20, 2023) (quoting *Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir. 2006)). Courts in this district have found the FDCPA inapplicable where there is a mortgage note for a rental property or investment property. *See Speer*, 2023 WL 2573312, at *6; *see also Akinyele v. Picelli*, No. 3:21-CV-184 (OAW), 2023 WL 3919454, at *4 (D. Conn. June 9, 2023).

In arguing that there is no federal question jurisdiction under the FDCPA because the debt relates to a rental property, Seterus misunderstands the law. Seterus appears to argue (again) that Plaintiff has failed to state a claim for relief. But that conflates a jurisdictional bar

with the merits. "Federal district courts have subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting 28 U.S.C. § 1331). "[W]hether a plaintiff has pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010). "It is well settled that plaintiff's failure to state a federal claim upon which relief could be granted does not mean that federal question jurisdiction is lacking." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 701 (2d Cir. 2000) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Instead, where federal question jurisdiction is asserted, a complaint "may be dismissed for want of subject-matter jurisdiction if [the federal claim] is not colorable, *i.e.*, if [the federal claim] is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006); *see also Dylan 140 LLC v. Figueroa as Tr. of Bldg. Serv. 32BJ Health Fund*, 982 F.3d 851, 855 (2d Cir. 2020) (same).

The Court finds that the allegations as to Plaintiff's FDCPA claim are more than sufficient to meet the colorable standard applicable to a Rule 12(b)(1) motion. The Complaint asserts that the "Court has jurisdiction because the Plaintiff's claims are violation [sic] of federal laws, specifically 'FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq[.]'" (Compl., ECF No. 1 at 1 ¶ 6.) The Complaint then purports to seek relief under the FDCPA, alleging that Seterus continues to send Plaintiff inaccurate mortgage statements and continues to report to credit agencies that he is in default. (*Id.* ¶¶ 17–20.) Seterus has not shown that these allegations are made solely for the purpose of obtaining jurisdiction. And viewed in

the context of Plaintiff's Complaint, it cannot be said that Plaintiff's FDCPA claim is wholly insubstantial and frivolous. Importantly, Seterus fails to show that Plaintiff's theory of liability "is foreclosed by Supreme Court or Second Circuit precedent." *Gallego*, 814 F.3d at 128 (finding that FDCPA legal theories "meet the very low threshold required to support federal-question jurisdiction, despite their ultimate lack of merit"); *see also Seterus, Inc.*, 2022 WL 993579, at *5 (finding that Plaintiff plausibly alleged a FDCPA claim related to Seterus sending erroneous mortgage statements after entry of judgment in the state foreclosure action). While the Second Circuit has held that "actions arising out of commercial debts are not covered by the protective provisions of the FDCPA[,]" *Goldman*, 445 F.3d at 154 n.1, that does not foreclose the possibility of another court finding that a loan for a rental property could be covered by the FDCPA. A court may find that factual disputes may remain regarding whether that loan is "primarily for personal, family, or household purposes[,]" as required to subject to the FDCPA. 15 U.S.C. § 1692a(5); *see also Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC*, 859 F. App'x 102, 104 (9th Cir. 2021).

Accordingly, despite Plaintiff's failure to respond to Seterus's first argument, dismissal for lack of federal question jurisdiction is inappropriate in light of Seterus's failure to meet its burden to show that Plaintiff's FDCPA claim is not colorable.

### 2.   Plaintiff Does Not Have Article III Standing To Pursue His Sole Federal Claim

While the Court finds that Plaintiff has advanced a colorable claim that Seterus violated the FDCPA, that does not end the inquiry into whether it has subject-matter jurisdiction over the FDCPA claim. The next question is whether Plaintiff has shown Article III standing sufficient to assert a claim under the FDCPA.

"The United States Constitution requires that anyone seeking to invoke federal jurisdiction over his complaint have standing to do so." *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 194 (2d Cir. 2001); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). Because "Article III [of the United States Constitution] confines the federal judicial power to the resolution of 'Cases' and 'Controversies[,]'" Article III has been interpreted to demand distinct requirements from a plaintiff seeking relief in federal court. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A plaintiff bears the burden to show the following: "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At the pleading stage, a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021) (remanding with instructions that the case be dismissed where allegations were "insufficient to plausibly allege constitutional standing"). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 594 U.S. at 431.

Seterus challenges Plaintiff's Article III standing as to the FDCPA claim, arguing that Plaintiff failed to allege facts plausibly showing that Plaintiff suffered a concrete injury. (Def.

Mem., ECF No. 149-1 at 10–12) Seterus contends that the allegations in this case are insufficient because there are no allegations that Plaintiff paid any amounts in reliance upon the allegedly inaccurate mortgage statements. (*Id.*) Plaintiff does not proffer any arguments to oppose Seterus's contention that there is no Article III standing. (Pl. Opp'n, ECF No. 163.) As explained below, the Court agrees that Plaintiff has failed to plausibly plead a concrete injury, thus entitling Seterus to dismissal of the FDCPA claim for lack of jurisdiction.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). In *Spokeo*, the Supreme Court vacated a judgment for failure to address whether "particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement." *Id.* at 342–43. The Supreme Court explained that, while "Congress plainly sought to curb the dissemination of false information by adopting procedures" through the Fair Credit Reporting Act ("FCRA"), a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" because a "violation of one of the FCRA procedural requirements may result in no harm." *Id.* at 342. For there to be a concrete injury, an injury must be "'real,' and not 'abstract.'" *Id.* at 340.

Thus, to show a concrete injury, a plaintiff must show a harm other than the statutory violation itself. The Supreme Court clarified *Spokeo* in *TransUnion*, explaining that "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts[,]" such as "reputational harms, disclosure of private information, and intrusion upon seclusion." 594 U.S. at 424. Moreover, "[i]f a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *Id.* at 425. The Second Circuit has since applied *TransUnion* to determine, at the pleading stage, whether a plaintiff has

plausibly alleged standing to obtain relief for violations of various statutes. *See Maddox*, 19 F.4th at 61 (New York's mortgage-satisfaction-recording statutes); *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022) (Americans with Disabilities Act); *Harty*, 28 F.4th at 442 (same); *Soule v. Connecticut Ass'n of Sch., Inc.*, No. 21-1365, 2023 WL 8656832, at *1 (2d Cir. Dec. 15, 2023) (Title IX of the Education Amendments of 1972).

Here, Plaintiff fails to plausibly allege facts establishing a concrete injury resulting from a FDCPA violation. He comes closest in count 21. Count 21 incorporates by reference the allegations in count 19, including the allegation that, "[a]s a result of the actions of the Defendant, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit." (Compl., ECF No. 1 at 13 ¶ 39.) These allegations are replete with legal conclusions, such as the plaintiff being entitled to statutory damages, actual damages, and cost of suit. But the Court need not credit allegations where, as here, the "threadbare assertions are conclusory and do not raise a reasonable inference of *injury*." *Calcano*, 36 F.4th at 76 (emphasis added).

Moreover, courts in this District have dismissed FDCPA claims for lack of standing where a plaintiff does not allege detrimental reliance on alleged misrepresentations from a defendant. *See Facchini v. Resurgent Cap. Servs., L.P.*, No. 3:22-CV-1621 (JAM), 2023 WL 4236032, at *5 (D. Conn. June 28, 2023); *see also Faherty v. Rubin & Rothman, LLC,* No. 3:21-CV-650 (AWT), 2022 WL 1025958, at *5 (D. Conn. Apr. 6, 2022). The Complaint here is similarly deficient. Nowhere in the Complaint does Plaintiff allege how he relied on alleged misrepresentations to make any decision and therefore, Plaintiff has failed to plausibly show that there are harms beyond the misrepresentations themselves.

Accordingly, because Plaintiff failed to plausibly allege a concrete injury, his FDCPA claim is dismissed without prejudice for lack of jurisdiction.

**B.    Diversity Jurisdiction**

Seterus contends that Plaintiff has failed to satisfy the amount in controversy requirement for diversity jurisdiction, arguing that there is no basis for the damages claimed in Plaintiff's initial disclosures. (Def. Mem., ECF No. 149-1 at 6–8.) Plaintiff appears to concede that the amount in controversy is not met, asserting that Plaintiff has presented a new measure of damage that demonstrate damages to be over $75,000. (Pl. Opp'n, ECF No. 163 at 1.) But Plaintiff has not submitted any evidence to support his position. The Court agrees with Seterus.

Federal district courts have diversity jurisdiction over actions where there is complete diversity among parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied[.]" *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017). There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). "A defendant may rebut that presumption by demonstrating 'to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" *Pyskaty*, 856 F.3d at 223 (quoting *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)).  "Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Com. Workers*

*Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

An analysis of the record shows that Seterus demonstrates to a legal certainty that Plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums. Plaintiff alleges that the amount in controversy is over twenty million dollars ($20,000,000.00). (Compl., ECF No. 1 at 2 ¶ 6.) However, during the course of discovery, Plaintiff disclosed a damages analysis that is inconsistent with the allegation in the Complaint. To comply with its discovery obligations, Plaintiff disclosed the following categories of damages:

1.  $58,000 for violations of the FDCPA.

2.  $58,000 for violations of the CCPA

3.  $253,000 in attorneys' fees in the event the Plaintiff is successful in their claims under the FDCPA, CCPA, and CUTPA.

(ECF No. 149 at 49.) Plaintiff's disclosures effectively concede that it could not recover the amount alleged in the complaint. Moreover, Plaintiff failed to offer any argument or evidence to support the allegation that the amount in controversy is over twenty million dollars. The face-of-the-complaint presumption is thus rebutted.

The record also shows that Plaintiff's initial disclosures have failed to demonstrate a reasonable probability that the amount in controversy requirement is satisfied. First, the Court finds that the damages and attorneys' fees sought for the FDCPA claim have no bearing on the amount in controversy because, as explained above, Plaintiff cannot recover anything under the FDCPA due to the failure to show standing. Second, the Court finds that the demand for attorneys' fees is irrelevant. "Attorneys' fees may be used to satisfy the amount in controversy

13

only if they are recoverable as a matter of right pursuant to statute or contract." *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012). None of the statutes mentioned in Plaintiff's damages disclosures provide attorneys' fees as a matter of right. *See O'Neill v. Country Motors, II, Inc.*, No. 3:15-CV-1069 (CSH), 2015 WL 8779594, at *13 (D. Conn. Dec. 15, 2015) (finding attorneys' fees under the CCPA may be awarded at the discretion of the Court); *see also Cardinale v. Quorn Foods, Inc*, No. 3:09-CV-1660 (JCH), 2010 WL 1332551, at *3 (D. Conn. Mar. 31, 2010) (finding attorneys' fees to be not recoverable as a matter of right under CUTPA).

This case is similar to *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994), where the Second Circuit remanded with instructions to dismiss for lack of jurisdiction because pre-trial discovery revealed that the amount in controversy alleged in the complaint was a "mistake." The *Tongkook* court held that there was a "legal certainty" that the plaintiff could not recover the statutory jurisdictional amount. *Id.* Much like *Tongkook*, Plaintiff here revealed information during pre-trial discovery showing that there was a mistake with the amount alleged in a complaint. And Plaintiff's damages disclosures show to a legal certainty that Plaintiff cannot recover in excess of $75,000. As explained above, the damages disclosed by Plaintiff cannot, as a matter of law, satisfy the amount in controversy requirement. While Plaintiff had the opportunity to present competent proof that the amount in controversy is satisfied, there was no attempt to do so. Plaintiff did not, for example, disclose the damages being sought for the other claims in Plaintiff's Complaint, such as the negligent infliction of emotional distress or CUTPA claims. The Complaint itself does not contain plausible allegations concerning Plaintiff's damages that would enable the Court to reasonably infer that the amount in controversy exceeds $75,000.

14

Accordingly, because Plaintiff fails to demonstrate a reasonable probability that the amount in controversy requirement is satisfied, the Court must conclude that there is no diversity jurisdiction.

### C.      Supplemental Jurisdiction

Having dismissed Plaintiff's FDCPA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Seterus's motion to dismiss [ECF No. 149] is **granted**. The Clerk of Court is respectfully directed to enter judgment and close the case without prejudice.

**SO ORDERED.**

Hartford, Connecticut
January 2, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge